IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MATTHEW FOOSANER,<br><br>   *Plaintiff*,<br><br>v.<br><br>CROWN CASTLE USA, Inc.,<br><br>   *Defendant*. | Case No. 1:22-cv-521-RDA-TCB |

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO AMENDED COMPLAINT**

  Defendant Crown Castle USA, Inc. ("Crown Castle"), by and through its attorneys, respectfully submits this Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

**RESPONSE TO PLAINTIFF'S ALLEGATIONS**

  1. Defendant admits that the Amended Complaint purports to set forth a single claim for retaliation under the Defense Contractor Whistleblower Protection Act, 10 U.S.C. § 4701 *et seq*. Defendant denies that Plaintiff's claim has merit and denies the remaining allegations of paragraph 1 of the Amended Complaint.

  2. Defendant admits Mr. Foosaner is an individual. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 2 of the Amended Complaint and, accordingly, denies the same.

  3. Defendant denies the allegations in paragraph 3 of the Amended Complaint.

  4. Defendant admits it is a company that owns, operates, and leases shared communications infrastructure throughout the United States. Defendant admits that it has, at certain times relevant to the Complaint, provided high-speed fiber optic cable circuits for the

benefit of the United States government under contracts subject to certain Federal Acquisition Regulations and security requirements. Plaintiff's allegations regarding the application of specific United States laws and regulations to particular contracts sets forth a legal conclusion to which no answer is required; to the extent an answer may be required, Defendant denies those allegations. Defendant denies the remaining allegations in paragraph 4 of the Amended Complaint.

5. Defendant admits that its website contains the statement, "We also know how to get started quickly by working directly through procurement and existing contract vehicles, such as DISA/DITCO and BPA."[1] Defendant denies the remaining allegations in paragraph 5 of the Amended Complaint.

6. Paragraph 6 of the Amended Complaint states a conclusion of law to which no answer is required. To the extent an answer may be required, Defendant denies the allegations in paragraph 6 of the Amended Complaint.

7. Admitted.

8. Defendant admits this Court has personal jurisdiction over the Defendant and that the Eastern District of Virginia is a proper venue for this action. Defendant denies the remaining allegations in paragraph 8 of the Amended Complaint.

9. Defendant admits that the Eastern District of Virginia is an appropriate federal court venue for this action.  Defendant denies the remaining allegations in paragraph 9 of the Amended Complaint.

10. Defendant admits Plaintiff has exhausted the administrative remedies applicable to his claim under the Defense Contractor Whistleblower Protection Act. Defendant denies the remaining allegations in paragraph 10 of the Amended Complaint.

---

[1] https://www.crowncastle.com/industries/federal-government (accessed September 12, 2023).

11. Defendant admits that on April 17, 2019, counsel for Plaintiff transmitted a letter titled "DOD Hotline Whistleblower Reprisal Complaint" by facsimile to the Department of Defense Office of Inspector General ("OIG"). Defendant denies the remaining allegations in paragraph 11 of the Amended Complaint.

12. Denied.

13. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 13 of the Amended Complaint and, accordingly, denies the same.

14. Admitted that on December 3, 2019, Plaintiff gave a sworn, recorded interview to the OIG during which he discussed certain allegations relating to his reprisal complaint. Defendant denies the remaining allegations in paragraph 14 of the Amended Complaint.

15. Defendant admits that on or about May 13, 2020, OIG issued a letter to Plaintiff's counsel concluding he had not engaged in protected activity under the Defense Contractor Whistleblower Protection Act and closing his complaint. Defendant denies the remaining allegations of paragraph 15 of the Amended Complaint.

16. Admitted that Plaintiff filed this action within two years after May 13, 2020, the date on or about which OIG issued its closure letter. Defendant denies the remaining allegations of paragraph 16 of the Amended Complaint.

17. Defendant admits that on or about October 2, 2018, Plaintiff applied for the position of Director Federal Sales at Light Tower. Defendant denies the remaining allegations of paragraph 17 of the Amended Complaint.

18. Defendant admits that Plaintiff participated in a pre-hire interview with Michelle Kavey (then Head of Government and Education) during which they discussed Defendant's business with federal government agencies and its compliance with relevant federal regulations.

Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations in paragraph 18 of the Amended Complaint and, accordingly, denies the same.

19. Defendant admits that Plaintiff participated in a pre-hire interview with Ms. Kavey during which they discussed Defendant's business with federal government agencies and its compliance with relevant federal regulations. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations in paragraph 19 of the Amended Complaint and, accordingly, denies the same.

20. Defendant admits that Plaintiff participated in a pre-hire interview with Ms. Kavey during which they discussed Defendant's business with federal government agencies and its compliance with relevant federal regulations. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations in paragraph 20 of the Amended Complaint and, accordingly, denies the same.

21. Defendant admits that, in connection with Plaintiff's application to become the Director of Federal Sales, it asked him to present a "Case Study" showcasing how he would approach the role. Plaintiff presented that case study on October 16, 2018. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations in paragraph 21 of the Amended Complaint and, accordingly, denies the same.

22. Defendant admits Plaintiff presented a 20-page "case study" on October 16, 2018, and the last page of his presentation included general references to "mandatory compliance requirements" under the Federal Information Security Management Act (FISMA) of 2002 and DFAR 252.204-7012. Defendant denies any implication that Plaintiff made disclosures in this interview that were protected by the Defense Contractor Whistleblower Protection Act. Defendant

lacks sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations in paragraph 22 of the Amended Complaint and, accordingly, denies the same.

23. Defendant lacks sufficient knowledge or information to form a belief about what Plaintiff means by the term "RMO," and on this basis denies the allegations in paragraph 23 of the Amended Complaint. Additionally, Defendant expressly denies any implication that Plaintiff made disclosures in this meeting that were protected by the Defense Contractor Whistleblower Protection Act.

24. Paragraph 24 of the Amended Complaint sets forth a legal conclusion to which no answer is required. To the extent an answer may be required, Defendant denies the allegations in paragraph 24 of the Amended Complaint.

25. Defendant admits that on November 7, 2018, Mr. Foosaner was offered and accepted the position of Director Federal Sales for Light Tower Management, Inc. Defendant denies the remaining allegations of paragraph 25 of the Amended Complaint.

26. Defendant admits Plaintiff began working for Light Tower on November 26, 2018. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations in paragraph 26 of the Amended Complaint and, accordingly, denies the same.

27. Defendant lacks sufficient knowledge or information to form a belief about the truth of Plaintiff's allegation regarding his state of mind and, accordingly, denies the allegations in paragraph 27 of the Amended Complaint.

28. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the allegations in paragraph 28 of the Amended Complaint and, accordingly, denies the same.

29. Defendant admits Plaintiff attended a team meeting on November 27, 2018, during which he suggested Defendant could not make certain sales if DISA was the end customer because, in his view, Defendant did not have the proper framework in place to comply with allegedly applicable federal regulations. Defendant expressly denies any implication that Plaintiff made disclosures in this meeting that were protected by the Defense Contractor Whistleblower Protection Act. Defendant lacks sufficient knowledge or information to form a belief about what Plaintiff means by the term "RMO," and on this basis denies the allegations the second sentence of paragraph 29 of the Amended Complaint. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the allegations in paragraph 29 of the Amended Complaint and, accordingly, denies the same.

30. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the allegations in paragraph 30 of the Amended Complaint and, accordingly, denies the same.

31. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the allegations in paragraph 31 of the Amended Complaint and, accordingly, denies the same.

32. Defendant admits that Plaintiff attended a meeting on December 4, 2018, but denies any implication he made disclosures in this meeting that were protected by the Defense Contractor Whistleblower Protection Act. Defendant lacks sufficient knowledge or information at this time to

form a belief about the truth of the allegations in paragraph 32 of the Amended Complaint and, accordingly, denies the same.

33. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the allegations in paragraph 33 of the Amended Complaint and, accordingly, denies the same.

34. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the allegations in paragraph 34 of the Amended Complaint and, accordingly, denies the same.

35. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the allegations in paragraph 35 of the Amended Complaint and, accordingly, denies the same.

36. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the allegations in paragraph 36 of the Amended Complaint and, accordingly, denies the same.

37. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the allegations in paragraph 37 of the Amended Complaint and, accordingly, denies the same.

38. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the allegations in paragraph 38 of the Amended Complaint and, accordingly, denies the same.

39. Defendant denies that Plaintiff's termination, or the timing of his termination, was causally related in any way to any DISA meeting or to any alleged protected activity under the Defense Contractor Whistleblower Protection Act. Defendant lacks sufficient knowledge or

information at this time to form a belief about the truth of the allegations in paragraph 39 of the Amended Complaint and, accordingly, denies the same.

40. Defendant admits that Ms. Kavey and Ms. Sax notified Plaintiff of his termination on December 7, 2018. Defendant admits that Plaintiff engaged in unprofessional conduct during his brief period of employment with Defendant. Defendant lacks sufficient knowledge or information at this time to form a belief about the truth of the remaining allegations in paragraph 40 of the Amended Complaint and, accordingly, denies the same.

41. Defendant incorporates and reasserts its answers to paragraphs 1-40 of the Amended Complaint as if fully set forth herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. To the extent paragraph 50 of the Amended Complaint is construed as an allegation that Plaintiff is entitled to a trial by jury on all issues in this litigation, it states a conclusion of law to which no response is required. To the extent a response may be required, Defendant denies the obligations in paragraph 50 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to any relief whatsoever, including the relief specifically sought in the Complaint and denies the allegations in the "Prayer for Relief" paragraph of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff under applicable law, Defendant asserts the following affirmative and other defenses:

1. Plaintiff did not engage in protected activity under the Defense Contractor Whistleblower Protection Act.

2. Plaintiff's claim is barred to the extent it exceeds the scope of the administrative complaint he filed with the Department of Defense Office of Inspector General.

3. To the extent Plaintiff engaged in protected activity under the Defense Contractor Whistleblower Protection Act, that activity was not the but-for cause of his termination of employment.

4. Plaintiff's termination of employment was justified by lawful, non-discriminatory, non-retaliatory, and non-pretextual business reasons.

5. Plaintiff's remedies are barred in whole or in part by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

6. Any injuries suffered by Plaintiff were caused by his own conduct.

7. Plaintiff is not entitled to a back or front pay award because he suffered no economic damage.

8. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate his claimed damages. To the extent

Plaintiff has mitigated his damages, Defendant is entitled to offset any liability by the amounts he has earned.

Defendant reserves the right to amend this Answer and Affirmative Defenses to assert additional defenses as additional information about Plaintiff's claim becomes known.

## DEFENDANT'S PRAYER FOR RELIEF

Defendant requests that the Court dismiss Plaintiff's claim with prejudice, enter final judgment in favor of Defendant, award Defendant such fees and costs as it may be entitled to recover, and award such other relief as the Court deems proper and just.

Dated:  August 15, 2023

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

/s/
Christopher E. Humber (VSB 87195)
1909 K Street, N.W., Suite 1000
Washington, D.C.  20006
Tel:  (202) 263-0260
Fax:  (202) 887-0866
chris.humber@ogletree.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 15, 2023, I filed the foregoing with the Court via the Court's electronic CM/ECF filing system, which sent a copy to all counsel of record.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*/s/  Christopher E. Humber*
Christopher E. Humber (VSB 87195)
1909 K Street, N.W., Suite 1000
Washington, D.C.  20006
Tel:  (202) 263-0260
Fax:  (202) 887-0866
chris.humber@ogletree.com

*Counsel for Defendant*